Anthony R. Strauss – SBN 72842
Aris E. Karakalos – SBN 240802
**STRAUSS LAW GROUP, A Professional Corporation**
121 North Fir Street, Suite F
Ventura, California 93001
Telephone (805) 641.9992
Facsimile (805) 641.9993
ars@strausslawgroup.com
aek@strausslawgroup.com

Attorneys for Plaintiff, Brant E. Kinnsch

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANT E. KINNSCH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZWICK, USA LP, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES;**<br>2) **PAY STUB VIOLATIONS;**<br>3) **UNFAIR COMPETITION;**<br>4) **FAILURE TO TIMELY PAY FINAL WAGES; and**<br>5) **FLSA VIOLATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COME NOW, PLAINTIFF Brant E. Kinnsch ("Plaintiff") and submits the following Complaint against ZWICK, USA LP and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them as follows.

## **INTRODUCTION**

1. Plaintiff began his employment as a Field Service Engineer at ZWICK, USA LP (hereinafter "ZWICK") on or about July 15, 2013. He was hired pursuant to an offer

1

**COMPLAINT; DEMAND FOR JURY TRIAL**

letter dated June 28, 2013 at an annual salary of $65,000 plus various benefits including participation in the Company's bonus program. He resigned his employment effective July 1, 2016.

2. While Plaintiff was considered and paid as an exempt employee by ZWICK, his job duties did not consist of the exempt work under either Federal or California law. As a Field Service Engineer he repaired, maintained and calibrated testing machines that had been sold to customers of ZWICK. Testing involved various mechanical manipulations or measurements of the equipment including testing compression, bend testing, pull testing, pressure testing and similar operations. These tests were established protocols for the various items of equipment that he tested. Plaintiff was not involved in management or supervision of employees, was not involved in the administration or management of the business. Moreover, Plaintiff is not a professional within the meaning of the applicable exemptions. None of this work entailed duties that would qualify as exempt pursuant to California Wage and Hour law or the Federal Fair Labor Standards Act ("FLSA").

3. Plaintiff's typical travel week started at 3:00 or 4:00 AM on Monday when he would travel from his home to the away location. Typically it would be 12 to 14 hours from portal to portal. Tuesday through Thursday generally involved 10 hour days with Friday being the return day. Typically, he would leave from the hotel at the worksite around 4:00 AM and would arrive home in Thousand Oaks, California late in the evening. These days were also typically 12 to 14 hour days.

4. Between January 1, 2014 and July 1, 2016, while working in California, including travel to and from, Plaintiff worked approximately no less than 343.25 hours in excess of 8 in a day or 40 in a week and approximately no less than 34 hours in excess of 12 in a day or 8 on a seventh day. In addition to those hours, since September 15, 2014, while working in the rest of the United States, he worked approximately no less than 602 hours of overtime based upon hours in excess of 40 in a week.

5. Even though Plaintiff was paid a salary, under California law, he is entitled

to be paid one and one-half times his "regular rate of pay" for hours worked in excess of 8 up to including twelve hours in a day, double his regular rate of pay for hours worked in excess of 12 in a day, one and one-half times his regular rate of pay for the first eight hours worked on the seventh day and double the rate for hours worked in excess of 8 on the seventh day. This applies to all work in the state of California. (See California Wage Order 4-2001section 3 (A) (1).) Under the Fair Labor Standards Act, for all work performed outside of California but within the United States, he is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of 40 in a week. (29 USC §207(a).)

6. None of the exemptions from overtime under either California law or the FLSA apply to Plaintiff who should have been paid overtime premium pay in accordance with California law while in and travelling from and to California and pursuant to Federal law for all other work performed within the United States.

7. On or about August 30, 2016, Plaintiff made ZWICK aware of his intent to file a civil action against ZWICK for unpaid overtime premium pay under California law and the FLSA, and for unpaid double time under California law, liquidated damages under the FLSA, penalties pursuant to California Labor Code sections 203 and 226, attorneys' fees, interest and related claims in connection with his employment ZWICK. On or about October 10, 2016, Plaintiff and ZWICK entered into a Tolling and Standstill Agreement to toll any statutes of limitations to preserve any claim existing as of September 15, 2016.

## VENUE AND JURISDICTION

8. Jurisdiction over Plaintiff's federal claims is based upon (a) Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times

**COMPLAINT; DEMAND FOR JURY TRIAL**

1  material herein, Defendant ZWICK has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California and Plaintiff performed the majority of his work in California for ZWICK in that District.

10. Jurisdiction over Plaintiff's state law claims under the California Labor Code and the claim under section 17200 of the California Business and Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff' federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

## **THE PARTIES**

11. At all times herein mentioned, and from approximately the period July 15, 2013 until July 1, 2016, Plaintiff was an employee of Defendants, working for Defendants as a Field Service Engineer in the State of California and throughout the United States.

12. At all times herein mentioned, Plaintiff is informed and believes and, based on such information and belief, thereon alleges that Defendant ZWICK is an entity of unknown status with its United States headquarters in Kennesaw, Georgia that does business in the Central District of California.

13. At all times material to this action, Defendants have been enterprises engaged in commerce or in the production of goods for commerce as defined by section 203(s)(1) of the FLSA, and have had a gross volume of sales exceeding $500,000.

14. At all times material to this action, Defendants have been an "employer" of the named Plaintiff, as defined by section 203(d) of the FLSA.

15. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sue these defendants by said fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained. Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

16. Each of the Defendants acted as the agent or employee of the others and each acted within the scope of that agency or employment.

## FIRST CAUSE OF ACTION

*Failure To Pay Overtime And Doubletime Premium Wages*

**(Against All Defendants)**

17. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

18. California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek. Lab. Code § 510. It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek. *Id.*

19. Plaintiff regularly worked hours for which he was not paid overtime or doubletime premium wages, including for hours he worked in excess of eight in a day, 40 in a week, and on the seventh straight day of work in a workweek. By way of example, Plaintiff regularly worked in excess of eight hours each day due to the nature of the business and the fact that he regularly had to travel to perform his job.

20. Plaintiff seeks such overtime and doubletime premium wages owed to him for the three-year period measured backward from September 15, 2016 the date of the filing of the initial Complaint in this matter. (In the Unfair Business Practices cause of action stated herein, Plaintiff seeks restitution of unpaid overtime and doubletime wages due for the four-year period measured backward from September 15, 2016.)

21. The exact amount of overtime and doubletime premium wages owed will not be fully ascertained until discovery is completed.

22. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the

rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Interest is also available under Labor Code section 1194. Plaintiff seeks such interest on all overtime and doubletime premium wages owed to him and the California Class for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.

23. Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

*Pay Stub Violations*

**(Against All Defendants)**

24. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

25. California Labor Code section 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be

**COMPLAINT; DEMAND FOR JURY TRIAL**

aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

26. In this case, Defendants have failed to provide such wage deduction statements to Plaintiff in that his wage deduction statements do not include, without limitation, his accurate gross wages earned, all overtime/doubletime hours worked, net wages earned, or all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee. Defendants have intentionally failed to put the information required by section 226(a) on the paycheck stubs.

27. Pursuant to Labor Code section 226(e), damages are appropriate. At this time, Plaintiff believes and alleges that he is owed the maximum allowable penalty under section 226(e) because Defendants intentionally failed to provide adequate paycheck stubs. However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed.

28. Pursuant to Labor Code section 226(e), Plaintiff requests the court to award Plaintiff's reasonable attorney's fees and costs incurred by Plaintiff in this action.

## **THIRD CAUSE OF ACTION**

*Unfair Competition*

**(Against All Defendants)**

29. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

30. This cause of action is being brought pursuant to California Business and

Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.App.4th 163 (2000).

31. It is alleged that Defendants have willfully failed to pay Plaintiff the state-mandated overtime and doubletime premium wages and the FLSA-mandated overtime premiums for all such hours worked. It is also alleged that Defendants have violated California's expense reimbursement laws. The failure to pay such wages and expenses under state and federal law constitutes unfair business practices under California Business and Professions Code section 17200.

32. As a result of the conduct of Defendants, Defendants profited from breaking the law. Plaintiff seeks disgorgement of Defendants' unlawfully obtained benefits (plus interest thereon) for the four-year period measured backward from September 15, 2016.

33. California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

34. As a result of the alleged aforesaid actions, Plaintiff has suffered injury in fact and has lost money as a result of such unfair competition.

35. In this case, it is requested that this Court order restitution of all unpaid wages found to be owing for the four-year period prior to September 15, 2016, up through the present, and issue all other appropriate equitable relief, including without limitation an order enjoining Defendants from continuing to treat the California Class as exempt

from California's overtime laws and, instead, to pay Plaintiff and members of the California Class overtime premiums for all overtime hours worked.

## FOURTH CAUSE OF ACTION

*Failure To Timely Pay Wages At Termination*

**(Against All Defendants)**

36. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

37. Labor Code section 201 provides, in relevant part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Lab. Code § 201(a). Labor Code section 202 provides, in relevant part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Lab. Code § 202(a). Defendants did not pay immediately all wages earned and unpaid to Plaintiff upon his resignation. Defendants have refused and continue to refuse to pay said wages.

38. Pursuant to Labor Code section 203, Defendants have willfully failed to pay without abatement or reduction, in accordance with Labor Code sections 201 and 202 all of the overtime and doubletime wages of the Plaintiff as herein alleged. Defendants are aware that they owe the wages claimed by Plaintiff yet Defendants willfully failed to make payment. As a result, Plaintiff seeks wages and waiting-time penalties pursuant to Labor Code section 203. These penalties consist of up to 30 days of pay for Plaintiff at his regular rate of pay.

39. Plaintiff has been available and ready to receive wages owed to him.

40. Plaintiff has never refused to receive any payment, nor has he been absent from their regular places of residence.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**

41. Defendants' failure to pay wages due and owing Plaintiff, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owing Plaintiff.

## FIFTH CAUSE OF ACTION

*FLSA Violations*

**(Against All Defendants)**

42. Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein, except those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

43. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

44. At all relevant times, Defendants were an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Plaintiff worked for Defendants.

45. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Defendants are, and were, subject to this requirement to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants violated the FLSA by refusing to pay Plaintiff overtime as required by law. Defendants regularly worked Plaintiff more than 40 hours each workweek, and yet rather than pay overtime premiums, Defendants paid Plaintiff on a salary.

46. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that Plaintiff is entitled to damages equal to the amount

of overtime premium pay within the three years preceding September 15, 2016, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable under 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorney's fees and costs.

47. Plaintiff seeks damages according to proof in the amount of all unpaid overtime compensation owed to him, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

48. Plaintiff seeks recovery of attorney's fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, prays for relief under California law, as follows:

1. For overtime and doubletime premium wages owed under California law according to proof;

2. For prejudgment interest pursuant to Labor Code sections 218.6 and 1194 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For attorney's fees and costs pursuant to Labor Code sections 218.5, 226, and 1194;

4. For waiting-time penalties under Labor Code section 203;

5. For statutory penalties under Labor Code section 226;

6. For an equitable order, ordering Defendants to pay Plaintiff all wages and interest he is owed;

7. For any and all injunctive relief this Court deems necessary pursuant to Business and Professions Code section 17203, including an injunction ordering Defendants to begin paying overtime premiums to their Field Service Engineers in California;

8. For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff of his

11

**COMPLAINT; DEMAND FOR JURY TRIAL**

rights, privileges, protections, compensation, benefits, and entitlements under California law, as alleged herein;

9. For a complete and accurate accounting of all the compensation to which the Plaintiff is entitled;

10. For costs of suit; and

11. For any other and further relief that the Court considers just and proper.

WHEREFORE, Plaintiff prays for relief under the FLSA, as follows:

12. For judgment that Plaintiff is a non-exempt employee entitled to protection under the FLSA;

13. For judgment against Defendants for violation of the overtime provisions of the FLSA;

14. For judgment that Defendants' violations as described above were willful;

15. For an award in an amount equal to Plaintiff unpaid back wages at the applicable overtime rate;

16. For an award to Plaintiff for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

17. For an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216 and/or any other applicable laws;

18. For an award of prejudgment interest to the extent liquidated damages are not awarded;

19. For costs of suit; and

20. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

///
///
///
///

COMPLAINT; DEMAND FOR JURY TRIAL

# **REQUEST FOR JURY TRIAL**

Plaintiffs hereby requests that this matter be tried by jury.

DATED: January 5, 2017          **STRAUSS LAW GROUP,**
                                                  **A Professional Corporation**

                                                 By:_____/S/_____
                                                     Anthony Strauss,
                                                     Attorneys for Plaintiff Brant E. Kinnsch